

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00234-CR
No. 02-17-00235-CR

———————————————

JAMES STEVEN CHAMPION, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court Nos. 1480031D, 1465584D

Before Sudderth, C.J.; Gabriel and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

In separate causes, the State charged appellant James Steven Champion with a third-degree felony count of injury to a disabled individual (Cause No. 1465584D), *see* Tex. Penal Code Ann. § 22.04(a)(3), (f) (West Supp. 2018), and a third-degree felony count of assault involving family violence by impeding the normal breathing or circulation of the blood (Cause No. 1480031D), *see id.* § 22.01(a)(1), (b)(2)(B) (West Supp. 2018). The State also alleged in both causes that Champion had a prior felony conviction. Champion pleaded guilty to both offenses and true to the prior felony allegations, and the jury assessed his punishment at twenty years' confinement in both causes. *See* Tex. Penal Code Ann. § 12.33(a) (West 2011), § 12.42(a) (West Supp. 2018) (enhancing the potential range of punishment for a third-degree felony to a term of confinement not less than two years or more than twenty years where the accused has a prior felony conviction). The trial court sentenced him accordingly and ordered the sentences to run concurrently. Champion subsequently filed a notice of appeal in each case.

Champion's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by an *Anders* brief in support of that motion. *See Anders v. California*, 386 U.S. 738 (1967). In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. After Champion's counsel filed his motion to withdraw and *Anders* brief, we notified Champion and invited him to file a pro se response. We granted Champion several extensions to file a response, yet

2

he never did so. The State has filed a letter stating it agrees with counsel's conclusion that the record reveals no arguable grounds for granting Champion relief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have an obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues the appellant points out in his pro se response. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed the record and counsel's brief. We agree with counsel and the State that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 3, 2019

3